Attachment 1

```
FLMCK            *          PUBLIC INFORMATION          *      05-20-2020
PAGE 001         *            INMATE DATA               *      12:05:50
                              AS OF 05-20-2020


REGNO..: 11653-070 NAME: SWANT, SHAUN

                   RESP OF: ENG
                   PHONE..: 303-763-4300     FAX: 303-763-2553
                                             RACE/SEX...: WHITE / MALE
                                             AGE:  30
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 11-12-2020                      PAR HEAR DT:
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
    FLMCK           *        PUBLIC INFORMATION        *     05-20-2020
    PAGE 002        *           INMATE DATA            *     12:05:50
                             AS OF 05-20-2020


REGNO..: 11653-070 NAME: SWANT, SHAUN

                    RESP OF: ENG
                    PHONE..: 303-763-4300   FAX: 303-763-2553
HOME DETENTION ELIGIBILITY DATE: 08-14-2020


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-12-2020 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: RHODE ISLAND
DOCKET NUMBER...................: 1:18CR00016-01JJM
JUDGE...........................: MCCONNELL
DATE SENTENCED/PROBATION IMPOSED: 09-07-2018
DATE COMMITTED..................: 12-18-2018
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00         $00.00         $00.00         $00.00
  JVTA........: $5,000.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 512    18:2251-2,2260 OBSCENE MATTR
OFF/CHG: 18:2252(A)(4)(B) AND (B)(2) POSSESSION OF CHILD PORNOGRAPHY

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    30 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 DATE OF OFFENSE................: 09-19-2017
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
   FLMCK          *          PUBLIC INFORMATION          *     05-20-2020
   PAGE 003 OF 003 *            INMATE DATA               *     12:05:50
                          AS OF 05-20-2020


   REGNO..: 11653-070 NAME: SWANT, SHAUN

                    RESP OF: ENG
                    PHONE..: 303-763-4300   FAX: 303-763-2553
   ------------------------CURRENT COMPUTATION NO: 010 ------------------------


   COMPUTATION 010 WAS LAST UPDATED ON 09-06-2019 AT DSC AUTOMATICALLY
   COMPUTATION CERTIFIED ON 10-11-2018 BY DESIG/SENTENCE COMPUTATION CTR

   THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
   CURRENT COMPUTATION 010: 010 010

   DATE COMPUTATION BEGAN..........: 09-28-2018
   TOTAL TERM IN EFFECT............:   30 MONTHS
   TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS      6 MONTHS
   EARLIEST DATE OF OFFENSE........: 09-19-2017

   JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     09-19-2017   09-19-2017

   TOTAL PRIOR CREDIT TIME.........: 1
   TOTAL INOPERATIVE TIME..........: 0
   TOTAL GCT EARNED AND PROJECTED..: 134
   TOTAL GCT EARNED................: 54
   STATUTORY RELEASE DATE PROJECTED: 11-12-2020
   TWO THIRDS DATE.................: 05-27-2020
   EXPIRATION FULL TERM DATE.......: 03-26-2021
   TIME SERVED.....................:    1 YEARS      7 MONTHS     24 DAYS
   PERCENTAGE OF FULL TERM SERVED..: 66.0
   PERCENT OF STATUTORY TERM SERVED: 77.3

   PROJECTED SATISFACTION DATE.....: 11-12-2020
   PROJECTED SATISFACTION METHOD...: GCT REL




   G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

Attachment 2

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| **Shaun Swant** | Case Number:  **1:18CR00016-01JJM** |
| | USM Number:  **11653-070** |
| | **John L. Calcagni, III, Esq.** |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1 of the Information.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C § 2252(a)(4)(B) and (b)(2) | Possession Of Child Pornography | September 19, 2017 | 1 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/7/2018
_____
Date of Imposition of Judgment

_____
Signature of Judge

John J. McConnell, Jr.
US District Judge
_____
Name and Title of Judge

_____
Date

AO 245B    (Rev. 02/18) Judgment in Criminal
           Case Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___7___

DEFENDANT:  **Shaun Swant**
CASE NUMBER:  **1:18CR00016-01JJM**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**30 months.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant be designated as close as possible to Iowa.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on     9/28/2018 _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page   3   of    7

DEFENDANT:  Shaun Swant
CASE NUMBER:  1:18CR00016-01JJM

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page     4     of     7

DEFENDANT: Shaun Swant
CASE NUMBER: 1:18CR00016-01JJM

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                                 Date

AO 245B(Rev. 02/18)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT: Shaun Swant
CASE NUMBER: 1:18CR00016-01JJM

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of mental health treatment as directed and approved by the Probation Office.

2.  The defendant shall participate in a sex offender specific treatment program as directed by the probation officer.

3. The defendant shall participate in testing in the form of polygraphs or any other methodology approved by the Court in order to measure compliance with the conditions of supervision or treatment.

4.  The defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.

5.  The defendant shall comply with all applicable federal and state laws regarding the registration of sex offenders in the state of residence, employment and school attendance, and shall provide verification of compliance with this requirement to the probation officer.

6.  The defendant shall permit the probation officer, who may be accompanied by local, state, or federal law enforcement authorities, upon reasonable suspicion of a violation of supervision, to conduct a search of the defendant's residence, automobile, workplace, computer, and other electronic communication or data storage devices or media.

7.  The defendant must submit to unannounced examination of his computer or other electronic equipment by the probation officer, who may be accompanied by local, state, or federal law enforcement authorities, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor his computer use.

8.  The defendant shall notify the probation officer of all computer and other electronic communication or data storage devices or media owned or operated by the defendant at the commencement of supervision, and immediately report any additional software purchases, acquisitions, or use during the term of supervision.

9.  The defendant shall have no contact with any child under the age of 18 without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.

10. The defendant shall not loiter in areas where children congregate. These areas include, but are not limited to, schools, daycare centers, playgrounds, arcades, amusement parks, recreation parks and youth sporting events.

11. The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.

12. The defendant shall live at a residence approved by the probation office, and not reside with anyone under the age of 18, unless approved, in advance, by the probation office.

13. The defendant shall have no contact, whether direct or indirect, with the victims of the present offense.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

| | | | Judgment — Page | 6 | of | 7 |

DEFENDANT: Shaun Swant
CASE NUMBER: 1:18CR00016-01JJM

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 5,000.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $          0.00 | $          0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT: Shaun Swant
CASE NUMBER: 1:18CR00016-01JJM

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ _5,100.00_ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
All property, real or personal, used or intended to commit or facilitate the commission of the offense of conviction.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Attachment 3

10407276

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT FILED

for the

District of Rhode Island

2017 SEP 21 A 9:48

U.S. DISTRICT OF RHODE ISLAND

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| Shaun Swant (DOB: 1989) | ) |
| *Defendant* | ) |

1:17MJ428 LDA

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Shaun Swant                                                                                              ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information   ☑ Complaint

☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 USC 2252(a)(2) and (a)(4):          Distribution, Receipt and Possession of Child Pornography

Date:  9/19/17

_____
*Issuing officer's signature*

City and state:     PROVIDENCE, RI

U.S. Magistrate Judge Lincoln D. Almond
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 09/19/2017 , and the person was arrested on *(date)* 09/19/2017 at *(city and state)* N. Kingston, RI . |
| Date: 09/19/2017 |
| *Arresting officer's signature* |
| Wyant SDUSm |
| *Printed name and title* |

# Attachment 4

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
for the

District of Rhode Island

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  1:17MJ428LDA |
| SHAUN SWANT | ) | |
| Defendant | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____SHAUN SWANT_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

- ( X ) to appear for court proceedings;
- ( X ) if convicted, to surrender to serve a sentence that the court may impose; or
- ( X ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(     ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $   10,000.00 _____ .

(     ) (3)  This is a secured bond of $ _____ , secured by:

-   (     ) (a) $ _____ , in cash deposited with the court.

-   (     ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

-   (     ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:   09/19/2017

*Defendant's signature*

*Surety/property owner – printed name*          *Surety/property owner – signature and date*

*Surety/property owner – printed name*          *Surety/property owner – signature and date*

*Surety/property owner – printed name*          *Surety/property owner – signature and date*

*CLERK OF COURT*

Date:   09/19/2017

*Signature of Clerk or Deputy Clerk*

Approved.

Date:   09/19/2017

*Judge's signature*

Attachment 5

AO 199A (Rev. 12/11)  Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
for the

District of Rhode Island

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| SHAUN SWANT | )      Case No.  1:17MJ428LDA |
| | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:     U.S. DISTRICT COURT, PROVIDENCE, RI
<i>Place</i>

SUBJECT TO THE CONTINUOUS TRIAL CALENDAR

on _____
<i>Date and Time</i>

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                                    Page _2_ of _4_ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   )  (6)   The defendant is placed in the custody of:
           Person or organization  _____
           Address *(only if above is an organization)*  _____
           City and state  _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately
if the defendant violates a condition of release or is no longer in the custodian's custody.

                                    Signed: _____        _____
                                                    *Custodian*                   *Date*

( ✕ )  (7)   The defendant must:
        ( ✕ )  (a)  submit to supervision by and report for supervision to the  PRETRIAL SERVICES        ,
                 telephone number   (401) 752-7300 , no later than  _____ .
        ( ✕ )  (b)  continue or actively seek employment.
        (   )  (c)  continue or start an education program.
        ( ✕ )  (d)  surrender any passport to:    CLERK, U.S. DISTRICT COURT
        ( ✕ )  (e)  not obtain a passport or other international travel document.
        ( ✕ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Travel is restricted to the District of RI.
                Prior approval is needed for all other travel.
        (   )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
                including:  _____

        ( ✕ )  (h)  get medical or psychiatric treatment:   MENTAL HEALTH EVALUATION

        (   )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
                or the following purposes:  _____

        (   )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
                necessary.
        ( ✕ )  (k)  not possess a firearm, destructive device, or other weapon.
        ( ✕ )  (l)  not use alcohol (     ) at all (  ✕  ) excessively.
        ( ✕ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
                medical practitioner.
        ( ✕ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random
                frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited
                substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited
                substance screening or testing.
        (   )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
                supervising officer.
        ( ✕ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
               (   ) (i)  **Curfew.** You are restricted to your residence every day (   ) from  _____ to _____ , or (   ) as
                     directed by the pretrial services office or supervising officer; or
               ( ✕ ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical,
                     substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities
                     approved in advance by the pretrial services office or supervising officer; or
               (   ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
                     court appearances or other activities specifically approved by the court.
        ( ✕ )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program
                requirements and instructions provided.
               ( ✕ ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or
                  supervising officer.
        ( ✕ )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including
                arrests, questioning, or traffic stops.
        ( ✕ )  (s)  GPS MONITORING

AO 199D - Additional Page for Conditions of Release (DRI rev. 11/10)          Page  3  of  4  Pages

**ADDITIONAL CONDITIONS OF RELEASE** (continued)

The defendant must submit to unannounced examination of his/her computer or other electronic equipment by the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor his/her computer use.

The defendant shall have no contact with any child under the age of 18 without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.

The defendant shall not loiter in areas where children congregate. These areas include, but are not limited to, schools, daycare centers, playgrounds, arcades, amusement parks, recreation parks and youth sporting events.

The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.

The defendant shall live at a residence approved by the probation office, and not reside with anyone under the age of 18, unless approved, in advance, by the probation office.

The defendant shall not possess any material, including videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults. The defendant shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs.

The defendant shall notify the probation officer of all computer and other electronic communication or data storage devices or media owned or operated by the defendant at the commencement of supervision, and immediately report any additional software purchases, acquisitions, or use during the term of supervision.

**DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL**

AO 199C  (Rev. 09/08)  Advice of Penalties                                    Page ___4___ of ___4___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
                                                        *Defendant's Signature*

North Kingstown, RI
_____
                                                        *City and State*

### Directions to the United States Marshal

( ✓ )  The defendant is ORDERED released after processing.

(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____9/19/2017_____                _____
                                                        *Judicial Officer's Signature*

                                         _____
                                         LINCOLN D. ALMOND, U.S. MAGISTRATE JUDGE
                                                        *Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# Attachment 6

**LIMITED OFFICAL USE**
**United States Marshals Service**
*USM-129 Individual Custody/Detention Report*

**DISTRICT:** RHODE ISLAND RI PROVIDENCE

**Prepared On:** 1:17 PM 09/13/2018

Save

## I. IDENTIFICATION DATA

| USMS NUMBER: 11653-070 | | | FID: 10407276 | | NAME: SWANT, SHAUN M | |
|---|---|---|---|---|---|---|
| ADDRESS: 66 GREENMEADOW CIRCLE N KINGSTOWN RI | | | | | PHONE: | |
| DOB: | | | AGE: 28y | | POB: MASON CITY, IA | |
| CURRENT INST: | | | | | ADMITTED: | |

| SEX: M | RACE: W | HAIR: BRO | EYE: BRO | HEIGHT: 66 in | WEIGHT: 155lb |
|---|---|---|---|---|---|
| SSN: | | FBI UCN: | | | ALIEN NBR: |

| OTHER NUMBER | OTHER NUMBER TYPE | ISSUE DATE | EXP DATE | REMARKS |
|---|---|---|---|---|
| NONE | | | | |

| **SPECIAL CAUTIONS AND MEDICAL | REMARKS | SEPARATEE |
|---|---|---|
| NONE | | |

| TB CLEARANCE STATUS | ASSESSMENT DATE | EXPIRED |
|---|---|---|
| NOT CLEARED | | |

| DNA TEST DATE | TAKEN? | DEPUTY | REMARKS/KIT# |
|---|---|---|---|
| 09-19-2017 | Yes | CINQUEGRANA, JOHN | D0109929 |

| DETAINER DATE | L/R | ACTIVE | AGENCY | REMARKS |
|---|---|---|---|---|
| | | N | | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| NONE | |

| GENERAL REMARKS | |
|---|---|
| NONE | |

## II. CUSTODY INFORMATION

| Custody 1 | | CUSTODY START DATE: 09-19-2017 | | END DATE: | | |
|---|---|---|---|---|---|---|
| CUSTODY STATUS | OFFICE | START DATE | END DATE | REMARK | | |
| WT-CASE-RESOLVE | 070 | 09-19-2017 | 09-19-2017 | | | |
| RL-BOND | 070 | 09-19-2017 | | | | |

| Court Case 1 | | Federal Court City | Judge | | US Attorney | Defense Attorney |
|---|---|---|---|---|---|---|
| 18-CR-00016 | | RI PROVIDENCE | | | | |
| Arrest | ARREST DATE 09-19-2017 | ARRESTING AGENCY IMMIGRATION & CUSTOMS ENFORCEMENT | | ARREST LOCATION | | WARRANT NUMBER |
| Offense | OFF CODE 6402 | OFFENSE Sexual Exploitation Minor - Material - Photograph | | REMARKS | | DISPOSITION |
| Sentence | SENTENCE DATE | SENTENCE | | APPEAL DATE | DURATION | |
| Reduced Sentence | SENTENCE DATE | REDUCED SENTENCE | | APPEAL DATE | DURATION | |

| COURT CASE STATUS | | START DATE | END DATE | REMARKS | |
|---|---|---|---|---|---|
| ARREST | | 09-19-2017 | 09-19-2017 | | |
| WT-TRIAL | | 09-19-2017 | | | |

| INST | INSTITUTION NAME | ADMIT | RELEASE | BOARDED ACTION OR DISPOSITION |
|---|---|---|---|---|
| | | | TOTAL DAYS BOARDED: | 0 |

## III. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|

Attachment 7

**Courtney Ross - RE: Swant  11653-070**

| | |
|---|---|
| **From:** | "Prete, Dianna (USMS)" ⬛@usdoj.gov> |
| **To:** | Courtney Ross ⬛@bop.gov> |
| **Date:** | 10/4/2018 1:21 PM |
| **Subject:** | RE: Swant  11653-070 |

Hi,

Karen Lundgren spoke to Sandstone and confirmed he voluntarily surrendered to RI on the 28th. He is scheduled to go on the bus on Friday 10/05/2018

Thank you.

**From:** Courtney Ross ⬛@bop.gov]
**Sent:** Thursday, October 4, 2018 2:19 PM
**To:** Prete, Dianna (USMS) ⬛@usms.doj.gov>
**Subject:** Swant 11653-070
**Importance:** High

Good Afternoon,

The above inmate had a voluntary surrender date of 9-28-2018, however he has yet to surrender to the institution. I have checked Pacer and no extension available. Please let me know the status of this inmate.

Thanks,

*Courtney Ross*

Classification & Computation Technician
Designation & Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051
(O) ⬛
(F) ⬛



Attachment 8

     b.  Commencement (Beginning Date) of Sentence.  18
U.S.C. § 3585(a) establishes the rule for commencement of
sentence and states, "(a) Commencement of sentence.-- A sentence
to a term of imprisonment commences on the date the defendant is
received in custody awaiting transportation to, or arrives
voluntarily to commence service at, the official detention
facility at which the sentence is to be served."  If the prisoner
is serving no other federal sentence at the time the sentence is
imposed, and is in <u>exclusive</u> federal custody (not under the
jurisdiction of a <u>federal writ</u> of habeas corpus ad prosequendum)
at the time of sentencing on the basis of the conviction for
which the sentence is imposed, the sentence commences on the date
of imposition, even if a state sentence is running along
concurrently.  If the prisoner is, however, serving another
federal sentence at the time a new sentence is imposed, then 18
U.S.C. § 3584 (Multiple sentences of imprisonment) must be
followed as discussed in paragraph e. of this chapter.

    The Bureau of Prisons calculates any part of a day in
custody serving sentence as a full day served on the sentence
(See Chapter I, paragraph 3.d., third subparagraph) and any part
of a day in official detention as a full day for prior custody
time credit purposes (See Chapter I, paragraph 3.c.(1)).  In
those cases, however, when the court imposes a sentence for a
term of hours, the exact number of hours imposed must be served,
regardless of whether the sentence is for more or less than 24

hours and regardless of whether the number of hours imposed
crosses one or more midnights.  For example, if a sentence of six
hours is imposed and that sentence commences at 11:00 PM, then
the sentence would not terminate until 5:00 AM the next day.

A sentence that is imposed in the form of hours
commences at the time it is imposed, provided the person is in
exclusive federal custody.  If another U.S. Code or D.C. Code
sentence is in operation, then 18 U.S.C. § 3584 (See Chapter I,
paragraph e.) would, of course, apply.  If the person is ordered
to voluntarily surrender, then the sentence would not commence
until that person arrived at the designated facility to serve the
sentence (See Chapter I, paragraph 3.b., third subparagraph).   *

If the prisoner is released from physical custody
pending appeal on the same day that the sentence is imposed, and
no other sentence is involved, then the sentence shall be stayed
(shall not begin to run) until the prisoner enters custody for
service of that sentence.  (See Rule 38 of the Federal Rules of
Criminal Procedure.)  If the prisoner is released pending appeal
subsequent to the day of sentencing, then the sentence shall
begin to run on the date of sentencing and shall become
inoperative the day after the prisoner is physically released.

If the court authorizes a prisoner to voluntarily surrender, as described in the Program Statement on Unescorted Trips and Voluntary  Surrenders, to the detention facility at which the sentence is to be served, then the sentence does not commence until the prisoner arrives at the designated facility.  If the prisoner is retained in federal custody after sentencing for any days prior to departure for voluntary surrender to the designated facility, then that time, including the date of sentencing, shall be treated as presentence time credit.

A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 USC § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

Attachment 9

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

c.  **Prior Custody Time Credit.**  The SRA includes a new
statutory provision, 18 U.S.C. § 3585(b), that pertains to
"credit for prior custody" and is controlling for making time
credit determinations for sentences imposed under the SRA.  Title
18 U.S.C. § 3568, repealed effective November 1, 1987, as
implemented by the "Old Law" Sentence Computation Manual, remains
the controlling statute for all sentences imposed for offenses
that occurred on or after September 20, 1966 up to November 1,
1987.

Statutory Authority:  Prior custody time credit is
controlled by 18 U.S.C. § 3585(b), and states, "A defendant shall
be given credit toward the service of a term of imprisonment for
any time he has spent in official detention prior to the date the
sentence commences--

(1) as a result of the offense for which
the sentence was imposed; or

(2) as a result of any other charge for
which the defendant was arrested after the
commission of the offense for which the
sentence was imposed;

that has not been credited against another sentence."

Definitions:

*  **Raw EFT:**  The Raw EFT for both a federal and non-federal
sentence is determined by adding the total length of the sentence
to be served to the beginning date of the sentence resulting in a
full term date of sentence (Raw EFT) that does not include any
time credit, e.g., presentence or prior custody time or good
time.  (Inoperative time that may affect either the state or
federal Raw EFT shall be referred to the RISA for assistance.)

In Reno v. Koray, 115 S.Ct 2021 (1995), the U.S.
Supreme Court held that time spent under restrictive conditions
of release (including time spent in a community treatment center
(CCC) or similar facility) was not official detention entitling
an inmate to prior custody time credit under
18 U.S.C. § 3585(b).  The court found that the interaction of the
Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of
Prisons' interpretation that a defendant is **either released** (with
no credit for time under conditions of release) **or detained** (with
credit for time in official detention).

Koray has also overruled Brown v. Rison, 895 F.2d
895 (9th Cir. 1990).  As a result, the awarding of presentence
time credit under 18 U.S.C. § 3568 for time spent under
restrictive conditions shall also be discontinued.  Brown is the
Ninth Circuit case that required the Bureau of Prisons to give
time credit to a sentence for time spent in a CCC or similar
facility.

The Koray decision means, therefore, that time
spent in residence in a CCC or similar facility as a result of
the Pretrial Services Act of 1982 (18 U.S.C. § 3152-3154), or as
a result of a condition of bond or release on own recognizance
(18 U.S.C. § 3141-3143, former 3146), or as a condition of
parole, probation or supervised release, is not creditable to the
service of a subsequent sentence.  In addition, a release
condition that is "highly restrictive," and that includes "house
arrest", "electronic monitoring" or "home confinement"; or such
as requiring the defendant to report daily to the U.S. Marshal,

U.S. Probation Service, or other person; is not considered as
time in official detention. In short, under **Koray,** a defendant
**is not entitled to any time credit off the subsequent sentence,
regardless of the severity or degree of restrictions, if such
release was a condition of bond or release on own recognizance,
or as a condition of parole, probation or supervised release.**

Any sentence computed for the first time before
June 5, 1995, and that sentence reflects an award of prior
custody time credits for time spent in a CCC or similar facility
shall retain any credits applied, regardless of any sentence
recomputation (e.g., for an addition or loss of prior custody
time credits or modification of sentence, or as the result of a
vacated sentence, including a sentence that was imposed after a
retrial) that occurs on or after June 5, 1995.

Any sentence, computed for the first time on or
after June 5, 1995, which reflects an award of prior custody time
credits for time spent in a CCC or similar facility under
conditions of release, that was not the result of a court order,
shall be recomputed to void such credit.

If it is discovered during a sentence
recomputation on or after June 5, 1995, that time was spent in a
CCC or similar facility that should have been awarded as the
result of a sentence computation performed prior to June 5, 1995,
but was not awarded, such time shall not be given on the
recomputation unless the court had ordered that such credit be
given.