IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01026-PAB

SHAUN MICHAEL SWANT,

Applicant,

v.

B. TRUE, Warden, FCI Englewood,[1]

Respondent.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, (the “Application”) filed *pro se* by Applicant, Shaun Michael Swant. Mr. Swant challenges the computation of his sentence by the Federal Bureau of Prisons (“BOP”), contending he is entitled to credit for approximately one year of home detention prior to imposition of his 30-month federal sentence.

On May 4, 2020, Respondent was ordered to show cause why the Application should not be granted. On June 3, 2020, Respondent filed a Response to Application for Writ of Habeas Corpus, Docket No. 10. On June 29, 2020, Mr. Swant filed a Reply to Respondent’s Response for Writ of Habeas Corpus, Docket No. 11. After reviewing the pertinent portions of the record in this case, the Court concludes that the Application

[1] Pursuant to Fed. R. Civ. P. 25(d), Warden B. True, the current warden at the prison in which Applicant is housed, is automatically substituted as the proper Respondent.

should be denied and the case dismissed with prejudice.

## I. BACKGROUND

On September 19, 2017, Mr. Swant was arrested by federal authorities pursuant to an arrest warrant issued by the United States District Court for the District of Rhode Island. Docket No. 10-2 (Attach. 3) at pp.13-14. He was issued an appearance bond the same day and released to home detention subject to GPS monitoring. Docket No. 10-2 (Attachs. 4 & 5) at pp.15-22. Mr. Swant ultimately agreed to enter a guilty plea in his criminal case and, on September 7, 2018, he was sentenced to a term of thirty months in the custody of the BOP. Docket No. 10-2 (Attach. 2) at pp.5-12. He remained on bond following sentencing. *Id.* Mr. Swant voluntarily surrendered to the United States Marshals Service to serve his sentence on September 28, 2018. Docket No. 10-2 (Attach. 7) at pp.25-26.

Mr. Swant presents three claims for relief. He contends the mandatory language in 18 U.S.C. § 3585(b) creates a liberty interest that entitles him to credit against his sentence for the period from September 19, 2017, to September 28, 2018, while he was subject to home detention prior to commencement of the sentence. Mr. Swant also contends his constitutional right to equal protection has been violated because federal prisoners can receive credit against their sentences for time spent in pre-release home confinement at the end of a sentence pursuant to 18 U.S.C. § 3624(c)(2), but home detention prior to commencement of a sentence is not credited under § 3585(b). Finally, Mr. Swant contends the BOP has a conflict of interest in calculating the sentences of federal prisoners because “more inmates, held in the federal prison system for longer

times, equates to more funding each year, job security, and openings for upward mobility for thousands of BOP employees." Docket No. 1 at p.14. As relief Mr. Swant seeks a new sentence computation.

## II. LEGAL STANDARDS

The Court must construe the Application and other papers filed by Mr. Swant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Swant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The

second issue involves credit for prior custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

The Attorney General, through the BOP, is responsible for making the sentence calculations contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

## III. DISCUSSION

### A. Commencement of Sentence

As noted above, Mr. Swant's sentence was imposed on September 7, 2018. However, a federal sentence does not commence under § 3585(a) until a prisoner is actually received into federal custody to serve the sentence. *See Binford*, 436 F.3d at 1255. Because Mr. Swant surrendered to serve his sentence on September 28, 2018, the BOP has correctly determined the sentence commenced on that date. Mr. Swant does not challenge the BOP's determination that his sentence commenced on September 28, 2018.

### B. Credit for Prior Custody

The next question is whether Mr. Swant is entitled to credit against his sentence

for the period of his home detention prior to commencement of the sentence. The BOP has given Mr. Swant credit for September 19, 2017, the day on which he was arrested. Docket No. 10-2 (Attach. 1) at pp.1-4. The BOP has not awarded any additional prior custody credit for Mr. Swant's home detention because home detention is not "official detention" under § 3585(b).

**1. Due Process**

Mr. Swant contends the BOP's restrictive interpretation of "official detention" under § 3585(b) violates due process because § 3585(b) mandates that credit "shall be given" for time spent in official detention prior to commencement of a sentence. According to Mr. Swant, home detention is equivalent to imprisonment and the mandatory language in § 3585(b) creates a liberty interest that entitles him to prior custody credit for his home detention.

The Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).

Mr. Swant's due process argument primarily focuses on the mandatory "shall be given" phrase in § 3585(b). However, that phrase matters only if the period of home detention for which he seeks prior custody credit was "official detention." In relevant part, § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ."

The United States Supreme Court has defined "official detention" to mean detention that is in a penal or correctional facility and subject to the BOP's control. *Reno v. Koray*, 515 U.S. 50, 57-58 (1995). Relying on *Koray*, the Court has rejected a federal prisoner's argument that pretrial home detention is "official detention" under § 3585(b) because a person released on bail is not in the custody of the BOP. *See Wade v. Wiley*, No. 09-cv-00985-PAB-CBS, 2010 WL 489708 *1 (D. Colo. Feb. 10, 2010). For the same reason, the Court concludes Mr. Swant was not in official detention prior to commencement of his sentence. The Court need not address Mr. Swant's arguments that the Supreme Court's definition of "official detention" in *Koray* was erroneous or is no longer good law because the Court is bound by that definition. *See, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (per curiam) ("Needless to say, only this Court may overrule one of its precedents."). Thus, Mr. Swant is not entitled to prior custody credit under § 3585(b) for the period of his home detention as a matter of due process.

**2. Equal Protection**

Mr. Swant also contends he is being denied equal protection because federal prisoners can receive credit against their sentences for time spent in pre-release home confinement at the end of a sentence pursuant to 18 U.S.C. § 3624(c)(2), but home detention prior to commencement of a sentence is not credited under § 3585(b). Section 3624(c)(2) relates to pre-release custody for prisoners serving terms of imprisonment and authorizes the BOP "to place a prisoner in home confinement."

The Equal Protection Clause of the Fourteenth Amendment "is essentially a

direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, "[e]qual protection of the laws doesn't guarantee equal results for all." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted). Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *Id.* (internal quotation marks omitted).

Mr. Swant cannot demonstrate a violation of his right to equal protection because inmates eligible for home confinement as a form of pre-release custody while serving a sentence already imposed are not similarly situated to inmates who have been released on bond prior to commencing a sentence. As Mr. Swant concedes, a pre-release inmate is still under the control of the Attorney General and an individual released on bond prior to commencing a sentence is not. Therefore, the equal protection claim lacks merit.

**3. Conflict of Interest**

Finally, Mr. Swant contends the BOP has a conflict of interest in calculating the sentences of federal prisoners and applying prior custody credit under § 3585(b) because "more inmates, held in the federal prison system for longer times, equates to more funding each year, job security, and openings for upward mobility for thousands of BOP employees." Docket No. 1 at p.14. Thus, according to Mr. Swant, the BOP "should not be considered an unbiased arbiter of statutory interpretation when it is relating to the length of sentences and definitions of what constitutes sufficient deprivation of liberty to

equate to imprisonment." *Id.*

This claim lacks merit because Congress has delegated authority to calculate federal prison sentences to the Attorney General and the BOP. *See Wilson*, 503 U.S. at 334-35. Furthermore, as discussed above and based on the Supreme Court's decision in *Koray*, it is clear that Mr. Swant is not entitled to credit for his home detention prior to commencement of the sentence under § 3585(b). Mr. Swant fails to cite any authority that demonstrates his rights somehow have been violated because the BOP relied on the Supreme Court's definition of "official detention" to reach the same conclusion.

## IV. CONCLUSION

In summary, the Court finds that Mr. Swant is not entitled to relief and the Application will be denied. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, is denied and this case is dismissed with prejudice.

DATED July 13, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge